UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                 :
SHYRINE BROWN,                 :
                 :
                Plaintiff,    :
                 :     20-CV-4239 (JMF)
          -v-              :
                 :     MEMORANDUM OPINION
MIDLAND CREDIT MANAGEMENT, INC.,    :         AND ORDER
                 :
               Defendant.    :
                 :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       In this putative class action, Plaintiff Shyrine Brown sues Defendant Midland Credit Management, Inc. ("Midland") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. *See* ECF No. 1 at 1. Midland now moves, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to compel arbitration. *See* ECF No. 12 at 1. Notably, in opposing Midland's motion, Brown does not dispute that, when she obtained the credit card that resulted in the debt at issue here, she entered into an agreement requiring arbitration of "any dispute or claim" that "relates to [her] account." ECF No. 13-1 (the "Account Agreement"), at 4. Instead, she argues that Midland's motion should be denied for either of two reasons: first, because Midland was not a party to the Account Agreement and, thus, "cannot enforce its terms," ECF No. 16 ("Pl.'s Opp'n"), at 7; and second, because her FDCPA claim is not "relate[d] to [her] account," Account Agreement 4; *see* Pl.'s Opp'n 9-11.

       Brown's arguments are without merit. First, in arguing that Midland cannot enforce the arbitration provision because it is not a party to the Account Agreement, Brown ignores the fact that Synchrony Bank, her original counterparty, assigned its rights under the Agreement to Midland. The Account Agreement expressly permitted Synchrony Bank to "sell, assign or

transfer any or all of [its] rights or duties under this Agreement or [Brown's] account." Account Agreement 4.  And on or about February 26, 2019 — before the events that give rise to this suit — Synchrony Bank did assign its rights under the Agreement to Midland.  *See* ECF No. 14, ¶ 4; ECF No. 14-1 ("Bill of Sale"); *see also* ECF No. 1, ¶¶ 20, 27.  Under Utah law — which the parties agree (by virtue of the Account Agreement) applies, *see* ECF No. 15 ("Def.'s Br."), at 6 n.1; Pl.'s Opp'n 6 n.1; *see also* Account Agreement 4-5 — that means that Midland "stands in the shoes of" Symphony.  *Sunridge Dev. Corp. v. RB & G Eng'g, Inc.*, 2010 UT 6, ¶ 13, 230 P.3d 1000, 1003 (alterations and internal quotation marks omitted).  It follows — as other courts have held in nearly identical circumstances — that Midland is entitled to enforce the arbitration provision.  *See, e.g.*, *Campbell v. Jacob*, No. 4:19-CV-179 (JM), 2019 WL 4020690, at *3-4 (E.D. Ark. Aug. 26, 2019); *Dotson v. Midland Funding, LLC*, No. 18-CV-16253 (KSH) (JAD), 2019 WL 5678371, at *6 (D.N.J. Aug. 1, 2019), *report and recommendation adopted*, 2020 WL 291537 (D.N.J. Jan. 21, 2020); *Clemons v. Midland Credit Mgmt., Inc.*, No. 1:18-CV-16883 (NLH) (AMD), 2019 WL 3336421, at *4 (D.N.J. July 25, 2019).

The authorities upon which Brown relies in arguing otherwise are easily distinguished.  In many of the cases she cites, the party seeking to compel arbitration was not an assignee of the original party to the agreement, as Midland is here.  *See, e.g.*, *Cavlovic v. J.C. Penney Corp.*, 884 F.3d 1051, 1057-58 (10th Cir. 2018); *Wojcik v. Midland Credit Mgmt., Inc.*, No. 18-CV-3628 (MKB) (RML), 2019 WL 3423567, at *2 (E.D.N.Y. July 30, 2019); *Smith v. GC Servs. Ltd. P'ship*, 289 F. Supp. 3d 935, 937 (S.D. Ind.), *aff'd*, 907 F.3d 495 (7th Cir. 2018); *McGinnis v. John C. Bonewicz, P.C.*, No. 11-2210, 2012 WL 604430, at *4 (C.D. Ill. Feb. 2, 2012), *report and recommendation adopted*, 2012 WL 604427 (C.D. Ill. Feb. 24, 2012).  And in the other cases she cites, the contract at issue did not contemplate the transfer of rights to assignees, as the

Account Agreement does here.  *See, e.g.*, *Hopkins v. Genesis FS Card Servs., Inc.*, No. 3:19-CV-00157 (AC), 2020 WL 466636, at *16 (D. Or. Jan. 9, 2020), *report and recommendation adopted*, No. 3:19-CV-00157 (AC), 2020 WL 437544 (D. Or. Jan. 28, 2020).  In short, Midland is entitled to enforce the Account Agreement's arbitration provision.

Brown's only other argument — that her FDCPA claim does not fall within the scope of the arbitration provision — fares no better.  As noted, the Account Agreement provides that "any dispute or claim . . . [that] relates to [Brown's] account" must be arbitrated.  Account Agreement 4.  In the case of such a broad arbitration clause, "there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it."  *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 224 (2d Cir. 2001) (internal quotation marks omitted).  Brown's FDCPA claim is not even collateral; it plainly "relates" to the Account Agreement, as it arises from Midland's efforts to collect a debt incurred in connection with the Agreement.  Not surprisingly, therefore, courts have nearly uniformly held in identical circumstances that FDCPA claims are subject to arbitration.  *See, e.g.*, *Kernaghan v. Foster & Garbus, LLP*, No. 18-CV-204 (SJF) (AKT), 2019 WL 981640, at *5 (E.D.N.Y. Feb. 25, 2019); *Biggs v. Midland Credit Mgmt., Inc.*, No. 17-CV-340 (JFB) (ARL), 2018 WL 1225539, at *10 (E.D.N.Y. Mar. 9, 2018); *see also Shetiwy v. Midland Credit Mgmt.*, 959 F. Supp. 2d 469, 474-75 (S.D.N.Y. 2013); *Fedotov v. Peter T. Roach & Assocs., P.C.*, No. 03-CV-8823 (CSH), 2006 WL 692002, at *3 (S.D.N.Y. Mar. 16, 2006).  With one exception, the cases on which Brown relies to argue otherwise are again easily distinguished, as they involved FDCPA claims raised against a non-assignee.  *See, e.g.*, *White v. Sunoco, Inc.*, 870 F.3d 257, 260 (3d Cir. 2017); *Wojcik*, 2019 WL 3423567, at *2; *Smith*, 289 F. Supp. 3d at 937; *Pacanowski v. Alltran Fin.*,

*L.P.*, 271 F. Supp. 3d 738, 749 (M.D. Pa. 2017), *Fox v. Nationwide Credit, Inc.*, No. 09-CV-7111, 2010 WL 3420172, at *6 (N.D. Ill. Aug. 25, 2010).

The one exception is *Bazemore v. Jefferson Capital Systems, LLC*, No. 3:14-CV-115, 2015 WL 2220057 (S.D. Ga. May 11, 2015), *aff'd on other grounds*, 827 F.3d 1325 (11th Cir. 2016), in which the court denied a motion to compel arbitration of an FDCPA claim despite similar contractual language.  The court acknowledged that the FAA would call for it to "broadly read the delegation clause, with its use of the terms 'arising from' and 'relating to' [the plaintiff's] account, to favor arbitration."  *Id.* at *7.  But, the court continued, that federal policy needed to be "balance[d] . . . against the strong federal interest in its consumer advocacy laws, the principal purpose of which is to protect consumers from unfair, abusive and deceptive debt collection practices."  *Id.*  Conspicuously, however, the court cited no authority in support of that proposition.  More significantly, the proposition is in tension, if not conflict, with binding Supreme Court precedent.  *See, e.g.*, *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000) ("[E]ven claims arising under a statute designed to further important social policies may be arbitrated because so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum, the statute serves its functions." (internal quotation marks and brackets omitted)).  Thus, like at least one other court, the Court declines to follow *Bazemore*.  *See, e.g.*, *Bailey v. Diversified Consultants Inc.*, 444 F. Supp. 3d 1330, 1336 (N.D. Ala. 2020).

Accordingly, the Court concludes that Brown's arguments against arbitration are without merit and that Midland's motion to compel must be GRANTED.  Had Midland requested it, the Court would have been prepared to stay the case pending arbitration rather than dismiss.  *See, e.g.*, *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join those Circuits that

4

consider a stay of proceedings necessary after all claims have been referred to arbitration *and a stay requested.*" (emphasis added)).  But Midland explicitly requests dismissal, *see* ECF No. 12 at 1 (seeking an order "dismissing Plaintiff's Complaint in its entirety"), and Brown does not oppose that request for relief.  Accordingly, the case is dismissed.  *See, e.g.*, *Spencer-Franklin v. Citigroup/Citibank N.A.*, No. 06-CV-3475 (GBD) (GWG), 2007 WL 521295, at *4 (S.D.N.Y. Feb. 21, 2007) (noting that "where all of the issues raised in the Complaint must be submitted to arbitration" and "defendants have sought dismissal rather than a stay, courts in this district have granted dismissal" (citing cases) (internal quotation marks and brackets omitted)), *report and recommendation adopted*, 2007 WL 1052451 (S.D.N.Y. Apr. 5, 2007).

The Clerk of Court is directed to terminate Docket Nos. 12 and 19 and to close the case. All conferences are canceled.

SO ORDERED.

Dated: August 31, 2020
       New York, New York

JESSE M. FURMAN
United States District Judge